## WALSH v. HYLAND, Judge.

### S. F. No. 1396; August 16, 1898.

#### 54 Pac. 148.

**Mortgage Foreclosure—Judgment of Reversal—Construction.—** A judgment of the supreme court reversing a judgment in a mortgage foreclosure for $1,200 and costs and attorney's fees, and directing a judgment for the principal and interest stipulated in a note, less interest paid—defendant to have costs of appeal—does not deny plaintiff the counsel fees and costs of the trial court, no question of such counsel fees or costs being considered on the appeal.

APPEAL from Superior Court, Santa Clara County; M. H. Hyland, Judge.

Petition by Margaret E. Walsh for a writ of mandamus to M. H. Hyland, judge of the superior court of the county of Santa Clara. Granted.

John H. Yoell for petitioner; Wm. P. Veuve for respondent.

HENSHAW, J.—This is a petition for an original writ of mandate. It arises upon the following facts: Upon appeal to this court in the case of Walsh v. Hunt, 120 Cal. 46, 39 L. R. A. 697, 52 Pac. 115, the judgment of the trial court was reversed, with directions to that court to enter a different judgment upon the findings, all of which will be found set forth in the opinion rendered in that case. Upon the going down of the remittitur, plaintiff in that action, who is petitioner herein, made application to the trial court to enter its judgment in her favor for the sum of $500, for $100 counsel fees, and for $60.15 costs in the trial court, with interest upon these sums, together with her costs upon the appeal to this court. The item of counsel fees was stipulated in the mortgage, and the amount had been awarded in the former judgment. The costs which were prayed for were the costs which were incidental to the former trial, and were also embraced within the judgment appealed from. The trial judge refused to grant the application. By his interpretation of the decision of this court, the only judgment permissible to be entered in plaintiff's favor was a judgment for $500, principal of the mortgage debt, with interest and costs upon the appeal to this court; thus holding that by the judgment of this court respondent upon that appeal was denied counsel fees and costs in the trial court. This construction of our judgment is erroneous. No question upon counsel fees or costs was considered upon the appeal. The sole modification of the judgment was that elaborately considered. The judgment by this court entered was, in substance and effect, a direction to reduce the principal sum of the mortgage debt from $1,200, the amount found due by the trial court, to $500, the amount which this court decreed was chargeable against the defendant. In all other respects the original judgment was to stand unmodified. For this reason

the mandate applied for should be issued, and it is ordered accordingly.

We concur: Beatty, C. J.; Temple, J.; McFarland, J.; Harrison, J.; Van Fleet, J.